[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12422

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRE DUPREE COGDELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:99-cr-00208-PAS-1

_____

Before BRANCH, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Andre Cogdell, a federal prisoner proceeding *pro se*,[1] appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and the district court's denial of Cogdell's motion for reconsideration. No reversible error has been shown; we affirm.

In 1999, a jury found Cogdell guilty of conspiracy to possess with intent to distribute cocaine (Count 1), possession of a firearm during and in relation to a drug-trafficking offense (Count 2), and guilty of possession of a firearm by a convicted felon (Count 3). Based on Cogdell's classification as a career offender, Cogdell's guidelines range was calculated as 360 months' to life imprisonment. Cogdell's offense in Count 2 also carried a mandatory consecutive 5-year sentence. The sentencing court imposed a total sentence of 420 months' imprisonment.

Cogdell's sentence was affirmed on direct appeal. The district court later denied Cogdell's motions for post-judgment relief, including Cogdell's motions for a reduced sentence based on amendments to the Sentencing Guidelines.

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In 2020, Cogdell moved *pro se* for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act.[2]  Cogdell first argued that the district court -- in ruling on a prisoner-filed motion for compassionate release -- was not limited by the categories of "extraordinary and compelling reasons" identified in the commentary to U.S.S.G. § 1B1.13.  Cogdell asserted instead that district courts had authority to reduce "fundamentally unfair sentences" on a case-by-case basis.

In his motion, Cogdell identified two circumstances that he said constituted "extraordinary and compelling reasons" warranting a sentence reduction.  First, Cogdell said his age (54) and medical conditions (high blood pressure and a history of nasal and sinus problems) put him at increased risk of serious illness if he were to contract COVID-19.  Cogdell also alleged that the conditions in his prison facility prevented him from taking effective precautions against infection.

Second, Cogdell pointed to changes made in the law and to the Sentencing Guidelines since he was sentenced in 1999.  Cogdell said -- if he were sentenced under the current guidelines -- his guidelines range would be lowered to 262 to 327 months.  Cogdell argued that these changes in the law constituted "extraordinary and compelling reasons" warranting a reduced sentence under the "catch-all" provision in U.S.S.G. § 1B1.13 Application Note 1(D).  Cogdell also asserted that he presented no danger to the safety of

---

[2] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

others and that the 18 U.S.C. § 3553(a) factors weighed in favor of a reduced sentence.

The district court denied Cogdell's motion for compassionate release. The district court first determined that Cogdell's medical conditions and the risk of contracting COVID-19 did not rise to the level of an "extraordinary and compelling reason" warranting a reduced sentence.

Next, the district court agreed with Cogdell's assertion that the district court had discretion to consider whether other reasons warranted relief under Application Note 1(D). The district court, however, declined to exercise that discretion because the district court had already considered and rejected Cogdell's change-of-law arguments when it denied Cogdell's earlier-filed motions for a reduced sentence.

The district court later denied Cogdell's motion for reconsideration. Among other things, the district court acknowledged -- based on our intervening decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021) -- that it had no discretion to consider Cogdell's change-of-law arguments under Application Note 1(D).

We review *de novo* a determination about a defendant's eligibility for a sentence reduction under section 3582(c). *See Bryant*, 996 F.3d at 1251. After eligibility is established, we review for abuse of discretion the district court's decision about whether to grant or deny an eligible defendant compassionate release under section 3582(c)(1)(A). *See id.*

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under section 3582(c).  *See* 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020).  As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are appliable, if it finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13.  *See* U.S.S.G. § 1B1.13; *Bryant*, 996 F.3d at 1247.  The commentary to section 1B1.13 identifies four categories that might constitute "extraordinary and compelling reasons" warranting a reduced sentence.  *See* U.S.S.G. § 1B1.13 comment. (n.1).

Pertinent to this appeal, Application Note 1(D) provides that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other

than, or in combination with, the reasons described" in the first three categories. *Id.* § 1B1.13 comment. (n.1(D)).

On appeal, Cogdell raises three arguments:[3] (1) that our decision in *Bryant* was wrongly decided; (2) that the district court abused its discretion in failing to consider whether Cogdell's change-of-law argument constituted an "extraordinary and compelling reason" under Application Note 1(D); and (3) that the district court abused its discretion by failing to consider the section 3553(a) factors, including the need to avoid unwarranted sentencing disparities.

We reject Cogdell's first argument based on our prior-panel-precedent rule. Under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc.*" *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). A subsequent panel "cannot overrule a prior one's holding even [if] convinced it is wrong." *United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (*en banc*). *Bryant* has neither been overruled nor abrogated and thus remains binding precedent; we will not address Cogdell's arguments about the correctness of that decision.

---

[3] Cogdell raises no challenge to the district court's determination that Cogdell's medical conditions and the COVID-19 pandemic constituted no "extraordinary and compelling reason" warranting relief; that issue is not before us on appeal.

Cogdell's second argument is foreclosed by our binding decision in *Bryant*. In *Bryant*, we concluded that section 1B1.13 remains the applicable policy statement for all motions filed under section 3582(c)(1)(A), including those filed by prisoners. 996 F.3d at 1247-48, 1262. We also said expressly that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248. Given our decision in *Bryant*, the district court committed no error in declining to address Cogdell's argument that changes in the law constituted "extraordinary and compelling reasons" under Application Note 1(D).

We also reject Cogdell's assertion that the district court erred in failing to consider the section 3553(a) factors. A district court may reduce a defendant's term of imprisonment under section 3582(c)(1)(A) only if each of these three conditions is met: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If the district court determines that the movant fails to satisfy one of these three conditions, the movant is ineligible for relief; and the district court may deny compassionate release without addressing the remaining conditions. *Id.* at 1237-38, 1240. Because Cogdell failed to demonstrate one of the three necessary conditions -- "extraordinary and compelling reasons" -- the district court committed no error in denying

Cogdell compassionate release without addressing the section 3553(a) factors. *See id.*

We affirm the district court's denial of compassionate release and the denial of Cogdell's motion for reconsideration.

AFFIRMED.